**RECEIVED**
JAN 07 2010
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Guy Heide, *Plaintiff* | * * * | |
| v. | * | Civil Action No. 10 CV 61 ADM/JJK |
| Ray LaHood, in his official capacity as Secretary, U.S. Department of Transportation | * * * | **FOR INJUNCTIVE RELIEF** |
| *Defendant* | * * | |

## COMPLAINT

Plaintiff, Guy Heide, a non-CM/ECF participant filing *pro se*, alleges:

1. This action is brought under the Freedom of Information Act, as amended, 5 U.S.C. § 552 (hereinafter, "FOIA" or "Act") requesting (1) this action be expedited, (2) the U.S. Department of Transportation (hereinafter, "defendant") be enjoined to make a request-for-records determination to the plaintiff, (3) the defendant be enjoined to make an appeal determination to the plaintiff, (4) the defendant be enjoined to make a second appeal determination to the plaintiff, (5) a written finding that the circumstances surrounding the withholding of the request-for-records determination, *supra*, and-or one, or both, appeal determinations, *supra*, raise questions whether agency personnel acted arbitrarily or capriciously with respect to one, or more, withholding, (6) costs and any reasonable attorney fees, and (7) such other and further relief as the Court may deem just and proper.

- 1 -

SCANNED
JAN 07 2010
US DISTRICT COURT ST. PAUL

2. This Court has jurisdiction of this action pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552(a)(4)(B); the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., and the All Writs Statute, 28 U.S.C. § 1651; or, alternately, 28 U.S.C. § 1361 ("[a]ction to compel an officer of the United States to perform his duty") or 28 U.S.C. § 1331 ("[f]ederal question"). Venue of this action is properly laid in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Guy Heide (hereinafter, "plaintiff") resides at 881 Bluebill Drive, in the City of Mendota Heights, Minnesota 55120, in Dakota County.

4. Defendant, U.S. Department of Transportation, is an administrative agency of the United States Government, with its principal offices located at 1200 New Jersey Avenue SE, Washington, D.C. 20590. Defendant U.S. Department of Transportation and its agents constitute an "agency" within the meaning of the FOIA. 5 U.S.C. § 552(f)(1). Defendant, Ray LaHood, Secretary of U.S. Department of Transportation, has the duty and responsibility of making the FOIA operate as Congress intended in that agency.

5. Concerning a request for records, the Act imposes on the defendant a non-discretionary, peremptory ministerial duty to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [any request for records made under paragraph (1), (2), or (3) of this subsection] whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552 (a)(6)(A)(i), with an exception at § 552(a)(6)(B)(i) not material here. And, concerning any appeal, the Act imposes on the

defendant a nondiscretionary, peremptory ministerial duty to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552 (a)(6)(A)(ii), with an exception at § 552(a)(6)(B)(i) not material here. The Act provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552 (a)(6)(C)(i). The Act also provides that on complaint, whenever the court orders the production of any agency records improperly withheld and assesses against the United States reasonable attorney fees and other litigation costs and issues a "written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding," that the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the responsible officer or employee. 5 U.S.C. § 552 (a)(4)(F).

6.  On January 23, 2009, plaintiff requested certain records under FOIA paragraph "(3)," 5 U.S.C. § 552 (a)(6)(A)(i), *supra*, of OIG FOIA/ Privacy Act Officer Regina L. Raiford in the defendant agency (hereinafter, "RAIFORD"), by facsimile service, and first class U.S. mail. A copy of the plaintiff's request is reported as Exhibit 1, *infra*. After over "20 days," as time is counted under 5 U.S.C. § 552 (a)(6)(A)(i), *supra*, had reasonably elapsed without receiving notification of "whether [the defendant would] comply with such request" (hereinafter, a "request-for-records determination"), *ibid.*, the plaintiff made several attempts to contact RAIFORD by telephone, but RAIFORD did

not pick up the telephone calls. The plaintiff left messages each time on RAIFORD's telephone, that inquired concerning the status of said request-for-records determination, leaving a telephone number at which plaintiff could be reached as requested by the recorded message on RAIFORD's telephone. Plaintiff's last message was left December 17, 2009. RAIFORD did not respond to any of plaintiff's voice messages. Concerning plaintiff's January 23, 2009 FOIA request for records, it is clear that over twenty federal working days have passed since the defendant reasonably received this request, that the defendant has not made notification to the plaintiff of defendant's request-for-records determination within the time limit fixed in 5 U.S.C. § 552(a)(6)(A)(i), *supra*, and that the plaintiff has exhausted plaintiff's administrative remedies for defendant's failure "to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552 (a)(6)(C)(i), *supra*. The plaintiff has a right to a request-for-records determination under 5 U.S.C. § 552 (a)(6) of the FOIA, *supra*, and there is no legal basis for denying the plaintiff a request-for-records determination by the defendant agency. Defendant agency's failure in this matter is wrongful and without lawful reason or excuse, and the plaintiff is entitled to the relief provided by the Act.

      7.    On September 26, 2008, the plaintiff requested certain records of RAIFORD by facsimile service, and first class U.S. mail, which the defendant styled FOIA request "FI-08-081." The defendant thereafter denied production of these requested records on December 23, 2008, directing the plaintiff to submit any appeal to OIG Assistant Inspector General Brian A. Dettelbach in defendant agency (hereinafter, "DETTELBACH"). A copy of defendant's denial is reported as Exhibit 2, *infra*. On January 23,

2009, plaintiff appealed defendant's denial of FOIA request FI-08-081 to DETTELBACH by certified U.S. mail. A copy of relevant portions of plaintiff's appeal is reported as Exhibit 3, *infra*, a copy of plaintiff's certified mail receipt is reported as Exhibit 4, *infra*, and a copy of defendant's signed mail receipt is reported as Exhibit 5, *infra*. After over "twenty days," as time is counted under 5 U.S.C. § 552 (a)(6)(A)(ii), *supra*, had reasonably elapsed without receiving defendant's appeal determination, the plaintiff made several attempts to contact RAIFORD by telephone, but RAIFORD did not pick up the telephone calls. The plaintiff left messages each time on RAIFORD's telephone, that inquired concerning the status of said appeal determination, leaving a telephone number at which plaintiff could be reached as requested by the recorded message on RAIFORD's telephone. Plaintiff's last message was left December 17, 2009. RAIFORD did not respond to any of plaintiff's voice messages. Concerning plaintiff's January 23, 2009 FOIA appeal of defendant's denial of FOIA request FI-08-081, it is clear that over twenty federal working days have passed since the defendant received this appeal, that the defendant has not made an appeal determination to the plaintiff in this matter within the time limit fixed in 5 U.S.C. § 552(a)(6)(A)(ii), *supra*, and that the plaintiff has exhausted plaintiff's administrative remedies for defendant's failure "to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552 (a)(6)(C)(i), *supra*. The plaintiff has a right to an appeal determination under 5 U.S.C. § 552 (a)(6) of the FOIA, *supra*, and there is no legal basis for denying plaintiff an appeal determination by the defendant agency. Defendant agency's failure in this matter is wrongful and without lawful reason or excuse, and the plaintiff is entitled to the relief provided by the Act.

8.    On March 9, 2009, the plaintiff requested certain records of RAIFORD by facsimile service, and first class U.S. mail, which the defendant styled FOIA request "FI-2009-0056." The defendant thereafter denied production of these requested records on July 29, 2009, directing the plaintiff to submit any appeal to DETTELBACH. A copy of defendant's denial is reported as Exhibit 6, *infra*. On August 24, 2009, the plaintiff appealed defendant's denial of FOIA request FI-2009-0056 to DETTELBACH by certified U.S. mail. A copy of relevant portions of plaintiff's appeal is reported as Exhibit 7, *infra*, a copy of plaintiff's certified mail receipt is reported as Exhibit 8, *infra*, and a copy of defendant's signed mail receipt is reported as Exhibit 9, *infra*. After over "twenty days," as time is counted under 5 U.S.C. § 552 (a)(6)(A)(ii), *supra*, had reasonably elapsed without receiving defendant's appeal determination, the plaintiff made several attempts to contact RAIFORD by telephone, but RAIFORD did not pick up the telephone calls. The plaintiff left messages each time on RAIFORD's telephone, that inquired concerning the status of said appeal determination, leaving a telephone number at which plaintiff could be reached as requested by the recorded message on RAIFORD's telephone. Plaintiff's last message was left December 17, 2009. RAIFORD did not respond to any of plaintiff's voice messages. Concerning plaintiff's August 24, 2009 FOIA appeal of defendant's denial of FOIA request FI-2009-0056, it is clear that over twenty federal working days have passed since the defendant received this appeal, that the defendant has not made an appeal determination to the plaintiff in this matter within the time limit fixed in 5 U.S.C. § 552(a)(6)(A)(ii), *supra*, and that the plaintiff has exhausted plaintiff's administrative remedies for defendant's failure "to comply with the applicable time limit provi-

sions of this paragraph." 5 U.S.C. § 552 (a)(6)(C)(i), *supra*. The plaintiff has a right to an appeal determination under 5 U.S.C. § 552 (a)(6) of the FOIA, *supra*, and there is no legal basis for denying the plaintiff an appeal determination by the defendant agency. Defendant agency's failure in this matter is wrongful and without lawful reason or excuse, and the plaintiff is entitled to the relief provided by the Act.

9.   Defendant's failure to make a timely request-for-records determination on the request cited in paragraph 6, *supra*, hereby incorporated by reference, or timely appeal determinations on the appeals cited in paragraphs 7 and 8, *supra*, hereby incorporated by reference, is arbitrary and capricious, and irreparably injures the plaintiff by depriving the plaintiff of the due process to which the plaintiff is entitled under the FOIA.

Wherefore, for all the foregoing reasons, the plaintiff requests that this Court:

1. Expedite the action as provided in 28 U.S.C. § 1657;

2. Issue a temporary and permanent injunction enjoining the defendant to promptly make a determination concerning plaintiff's January 23, 2009 FOIA request for records, cited in paragraph 6, *supra*, to the plaintiff;

3. Issue a temporary and permanent injunction enjoining the defendant to promptly make a determination concerning plaintiff's January 23, 2009 FOIA appeal of defendant's denial of FOIA request FI-08-081, cited in paragraph 7, *supra*, to the plaintiff;

4. Issue a temporary and permanent injunction enjoining the defendant to promptly make a determination concerning plaintiff's August 24, 2009 FOIA appeal of

defendant's denial of FOIA request FI-2009-0056, cited in paragraph 8, *supra*, to the plaintiff;

5. Issue a written finding pursuant to 5 U.S.C. § 552(a)(4)(F) that the circumstances surrounding the withholding of a timely determination on whether to comply with a request for records, cited in paragraph 6, *supra*, and-or the withholding of one, or both, timely appeal determinations, cited in paragraphs 7 and 8, *supra*, under the FOIA raise questions whether agency personnel acted arbitrarily or capriciously with respect to one, or more, withholding;

6. Award the plaintiff costs and any reasonable attorney fees in this action pursuant to 5 U.S.C. § 552 (a)(4)(E); and

7. Grant the plaintiff such other and further relief as the Court deems just and proper.

Signed this 7th day of January, 2010.

*Guy Heide*
Guy Heide
881 Bluebill Drive
Mendota Heights, Minnesota 55120
Voice:   651-454-7440