UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Guy Heide,

       Plaintiff,

v.

Ray LaHood, in his official capacity
as Secretary, U.S. Department of
Transportation,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-61 ADM/JJK

_____

Guy Heide, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Guy Heide's ("Plaintiff") Objections[1] [Docket No. 12] to Magistrate Judge Jeffrey J. Keyes's February 10, 2010 Order ("Order") [Docket No. 9] granting Defendant Secretary Ray La Hood's ("Defendant") Motion for Extension of Time to File Answer [Docket No. 5]. For the reasons stated below, Plaintiff's Objections are overruled and the Order is affirmed.

## II. BACKGROUND

On January 15, 2010, Plaintiff served a Summons and Complaint on the United States Attorney. The statutory requirements governing the Freedom of Information Act, 5 U.S.C. § 552

---

[1] Plaintiff's Memorandum is titled "Motion to Rescind and Stay Order of Magistrate Judge." Since Plaintiff is clearly objecting to Judge Keyes's Order, the submission is construed as Plaintiff's Objections.

("FOIA"), set a timetable which would make a response to the Complaint due on February 17, 2010. Due to record snow fall in the Washington D.C. area, the office in charge of responding to an administrative appeal related to Plaintiff's Complaint was closed from February 10 through February 12, 2010. On February 10, 2010, Defendant moved for additional time to respond to Plaintiff's Complaint and Judge Keyes granted the motion.

### III. DISCUSSION

**A. Standard of Review**

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. Plaintiff's Objections**

Plaintiff argues Judge Keyes improperly granted Defendant's Motion for Extension of Time to File Answer. Plaintiff asserts that Rule 6(b) of the Federal Rules of Civil Procedure, upon which Defendant relied to seek the extension, does not apply to time limits prescribed by

2

statute. Objections at 2-4.

Plaintiff cites the statutory time limit as follows: "the defendant shall serve an answer or otherwise plead to any complaint made under this subsection <u>within thirty days</u> after service. 5 U.S.C. § 552(a)(4)(C)." The provision cited by Plaintiff reads in its entirety:

> Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.

5 U.S.C. § 552(a)(4)(C).

The statute requires a defendant to "serve an answer <u>or otherwise plead</u>" within thirty days after service. 5 U.S.C. § 552(a)(4)(C) (emphasis added). "The key words are '30 days,' not 'answer.'" <u>Weber v. Coney</u>, 642 F.2d 91, 93 (5th Cir. 1981) (citing H.R. Re. No. 93-876 and Conf. Rep. No. 93-1200, 93d Cong., 2d Sess., reprinted in 1974, U.S. Code Cong. & Ad. News 6267 and 6285). Thus an "answer" is not the only response permitted under the FOIA. <u>Hart v. FBI</u>, 91 F.3d 146, 1996 WL 403016, at * 2 n.3 (7th Cir. 1996) (unpublished). Defendant sought an extension of time to answer within the statutory time period. The plain language of the statute permits an extension "for good cause shown." Judge Keyes determined that good cause was present in this instance and that decision is not clearly erroneous.[2]

---

[2] Plaintiff cites several cases for the proposition that federal courts are not empowered to extend statutory time periods provided by statutes. Those cases involve parties asking federal courts to extend the statute of limitations or the time for removal, which are not at issue here. However, assuming *arguendo* that Plaintiff is correct, and Rule 6(b) is not the appropriate vehicle for Defendant to seek an extension, the last phrase of § 552(a)(4)(c) mirrors the language of Rule 6(b) with respect to the requisite standard for granting an extension: "good cause." Therefore, Defendant's reliance on Rule 6(b), even if inappropriate, is inconsequential.

Plaintiff also contends that the grant of the extension of time violated his due process rights because it was contrary to § 552(a)(4)(C). As explained above, the statute provided Judge Keyes with the authority to grant Defendant's motion for extension for good cause shown, thus, Plaintiff's argument fails.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 12] are **OVERRULED**;

2. The Order [Docket No. 9] is **AFFIRMED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 12, 2010.